```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Jason F. Bennett,                   :

      Plaintiff,              :Case No. 2:15-cv-090

    v.                            :CHIEF JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Kemp
Commissioner of Social Security,

      Defendant.              :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, Jason F. Bennett, filed an action in this Court on January 15, 2015, seeking review of a final decision of the Commissioner of Social Security denying his applications for social security disability benefits and supplemental security income. In a Report and Recommendation filed on January 12, 2016 and adopted by the Court on February 3, 2106, the Court reversed the decision of the Commissioner and remanded the case for further proceedings. <u>See</u> Docs. 21, 22. The parties subsequently stipulated to an award of attorneys' fees under the Equal Access to Justice Act. <u>See</u> Docs. 24, 25.

    On December 13, 2016, Plaintiff's counsel moved for an award of fees under 42 U.S.C. 406(b). The Commissioner filed a memorandum in opposition on January 3, 2017. No reply brief has been filed. For the following reasons, the Court recommends that the motion be granted.

    The motion for fees represents that, after remand, Plaintiff was awarded $65,146.00 in past due benefits. The Commissioner withheld 25% of that amount, or $16,285.25, for attorneys' fees. Plaintiff's counsel asks the Court to approve a fee in the amount of $10,000.00, subject to an offset for the EAJA award already made, which was $2,793.50, for a total of 15.1 hours spent litigating the matter in this Court. The Commissioner does not oppose the award of a fee in some amount, but argues, citing to

Lasley v. Comm'r of Social Security, 771 F.3d 308 (6th Cir. 2014) that any fee in excess of $350-400 per hour could be viewed as unreasonable. Because the award requested by counsel would represent compensation in the amount of approximately $662.00 per hour, the Commissioner contends that a reduction would be justified, although the Commissioner also candidly notes that this Court has approved fees in that range in other cases.

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991). Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court. Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is

signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997). Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, in a case where the District Court awards benefits, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision. Dearing v. Secretary of HHS, 815 F.2d 1082 (6th Cir. 1987).

Here, the motion for attorneys' fees is deficient in one respect: it does not contain any discussion of the normal hourly rate for Plaintiff's counsel, nor any discussion of such rates in the Columbus or Central Ohio legal community generally. Consequently, it is somewhat difficult to compare the hourly rate which an award in the amount requested by counsel would result in with the "base rate" for services, and to determine what would represent double that rate. That is a key inquiry. The Court can take notice that a number of decisions from the Dayton seat of court, including the two cited in the Commissioner's brief and a more recent one, Spidell v. Comm'r of Social Security, Case No. 3:12-cv-39 (S.D. Ohio July 7, 2016), adopted and affirmed Case No. 3:12-cv-39 (S.D. Ohio July 28, 2016), have used the rate of $270.00 per hour as the starting point, and have approved fees which are approximately twice that amount. Those decisions also declined to make a reduction in the fee request unless there were some indication that counsel did not perform in an effective or efficient manner or that the award is large in comparison to the time spent on the case. See Spidell, supra, at 4, citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

Taking that approach, a fee in this case at the rate of $540.00 per hour is presumptively reasonable. The award is large in comparison to the time spent in this Court, but, as counsel points out, he performed efficiently and obtained a good result. Assuming, as seems likely based on this Court's experience, the going rate in Columbus is slightly higher than in Dayton, the hourly rate which counsel has asked for is not significantly more than twice the customary rate. Further, counsel has made a significant reduction in the 25% fee already. Under all of these circumstances, the Court does not consider the $10,000.00 award to be a windfall. Consequently, the Court recommends granting the motion as filed.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).

        /s/ Terence P. Kemp
        United States Magistrate Judge